IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Velma Lawrence, | ) |
| Plaintiff, | ) |
| v. | ) No. 10-CV-1240 |
| East Central Illinois Area Agency on Aging, Tami Wacker, and Michael O'Donnell, | ) |
| Defendants. | ) |

## AMENDMENT TO REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On page 18 of the Report and Recommendation issued February 22, 2011, the Court incorrectly stated that the Illinois Human Rights Commission has exclusive jurisdiction over actions alleging civil rights violations under the Illinois Human Rights Act.  The Illinois Human Rights Act was amended in 2008 to allow a complainant to seek review before the Commission "or commence a civil action in the appropriate circuit court."  775 ILCS 5/7A-102(C)(4); 775 ILCD 5/8-111(A).  Since the parties do not address the issue, the Court assumes without deciding that this amendment allows the District Court to exercise supplemental jurisdiction

over a civil rights claims under the Illinois Human Rights Act. *See, e.g.,* Carr v. Avon Products, Inc., 2011 WL 43033 *2 (N.D. Ill. 2011)(finding supplemental jurisdiction appropriate). As already discussed in the Report and Recommendation, Plaintiff's allegations give rise to an inference that she was subjected to age discrimination in her employment. Accordingly, in the absence of argument otherwise, the Court believes that a supplemental state law claim for age discrimination may also be inferred from the Complaint.

WHEREFORE, the Court hereby AMENDS its Report and Recommendation dated February 22, 2011, to Recommend that Plaintiff's state law claim for age discrimination in employment remain in for further development, along with the other claims identified in that Report and Recommendation.

Due to this Amendment, the parties' deadline for objecting to the Court's Report and Recommendation and to this Amendment is extended to fourteen days after service of this Amendment. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections

on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: February 24, 2011

_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE